### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

MARK E. PERSON,

        Plaintiff,

   v.

BURLINGTON COUNTY JAIL,

        Defendant.

Civil No. 22-5284 (RMB/MJS)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

    This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Docket No. 1) filed *pro se* by Plaintiff Mark E. Person, a former pretrial detainee in Burlington County Jail. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-1), which establishes his financial eligibility to proceed *in forma pauperis*, and the application will be granted.  For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim.

I.    **Sua Sponte Dismissal**

    When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are:  (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*    Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal

2

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Furthermore, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## II.     DISCUSSION

### A.     The Complaint

The sole defendant named in the complaint is Burlington County Jail. Plaintiff alleges that he was detained in Burlington County Jail on May 9, 2022, but he is no longer incarcerated.  (Compl., Docket No. 1 at 4-6.)  He was in the Delta-Wing housing unit around 6:00 p.m. on May 9, 2022, when the unit officer left his post for an 18-hour lockdown.  Plaintiff heard another inmate shouting that his cellmate had passed out.  The Officers' Control Center was directly in view of the cell where the incident occurred, but no one responded over the course of 15-20 minutes while the inmates screamed for help.  Once they arrived, the officers refused to enter the cell, and two inmates had to carry the unconscious inmate out.  Plaintiff watched while the officers escorted the two inmates, who were crying and shaking, carry the unconscious inmate away.

### B.     Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory ...
> subjects, or causes to be subjected, any citizen of the

> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege:  1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

A county jail is not a "person" subject to liability under § 1983.  *Beaver v. Union County, Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015) (per curiam). Moreover, "a plaintiff must adequately assert the *personal* deprivation of a right before she can pursue a suit under § 1983." *Hannah v. City of Dover*, 152 F. App'x 114, 116 (3d Cir. 2005) (emphasis added). Plaintiff lacks standing to allege violation of another person's constitutional rights. *See*, *e.g.*, J*ackson v. Bolandi*, No. CV1817484ESMAH, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) (*pro se* plaintiff lacked standing to brink claim on behalf of daughter).  Therefore, Plaintiff's amendment of the complaint to bring a claim under § 1983 is futile.

## III.  CONCLUSION

For the reasons stated above, the Court will dismiss the complaint with prejudice for failure to state a claim.


An appropriate Order follows.

4

DATE: **February 6, 2023**                    s/Renée Marie Bumb
                                              Renée Marie Bumb
                                              Chief United States District Judge